# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON WILLIAMS, JR.,<br><br>          Plaintiff,<br><br>     v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>          Defendants. | Case No.  1:22-cv-00509-AWI-BAM<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(Docs. 2)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Clifton Williams, Jr. ("Plaintiff"), a county jail inmate proceeding pro se and *in forma pauperis*, initiated this civil rights action on April 29, 2022.  Plaintiff's complaint is currently before the Court for screening.  (Doc. 1.)

**I.     Application to Proceed in Forma Pauperis**

Concurrent with his complaint, Plaintiff filed an application to proceed in forma pauperis without prepaying fees or costs pursuant to Title 28 of the United States Code section 1915(a).  (Doc. 2.)  Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis is GRANTED.  28 U.S.C. § 1915(a).

**II.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

### III. Plaintiff's Allegations

Plaintiff is currently housed at the Stanislaus County Public Safety Center. He brings suit against The People of the State of California; District Attorney P. Hogan; Jessica Davies, Modesto Police Officer; and County of Stanislaus for claims of false arrest, false imprisonment, harassment, racial profiling, malicious prosecution, arrest without probable cause. (*See generally* Doc. 1, Compl.)

Plaintiff alleges that on 6/17/21, he was parked in front of a store on private property. He was not breaking any laws and was sitting in his vehicle. He had his driver's side and passenger's side windows down. Officer Davies pulled behind Plaintiff's vehicle, blocking Plaintiff in. She got out of her patrol car and made full contact with Plaintiff at the driver's side window "harassing" Plaintiff about his back windows which she claimed were too tinted. In her report,

Officer Davies claims Plaintiff was talking to someone at the driver side window and someone else at the passenger side window when she contacted Plaintiff. She was able to see inside Plaintiff's vehicle, "but still harassed me about my windows," and saying that Plaintiff is in a known drug area at a store in a neighborhood of minorities. Plaintiff claims that she was racial profiling him as an African American man.

Plaintiff alleges, "Even without probable cause Officer Davies placed me under arrest and did an illegal search and seizure and seizure evidence unlawfully." Plaintiff claims that "knowing this district attorney Patrick Hogan continued his malicious prosecution until my attorney had to file a motion to surpress [sic] to get it dismissed on 4/19/22." The case was dismissed because Plaintiff was arrested and brought to court without probable cause.

### IV.   Discussion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim. As Plaintiff proceeds in pro se, he will be given an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. To assist Plaintiff, the Court provides the relevant pleading and legal standards that appear applicable to his claims.

### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is short, but it lacks sufficient factual allegations to state a claim for relief. Plaintiff's complaint relies on generalized and conclusory allegations and lacks specific factual allegations about what happened, who was involved and what each person did to violate

Plaintiff's Constitutional rights. In any amended complaint, Plaintiff must state that facts of what happened and how he was injured.

### B. Prosecutorial Immunity

To the extent Plaintiff is attempting to bring suit against Defendant Hogan, he may not do so. "A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate for the State' and his actions are 'intimately associated with the judicial phase of the criminal process.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir.2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."). Therefore, Defendant Hogan would be entitled to prosecutorial immunity for actions associated with Plaintiff's criminal prosecution.

### C. Eleventh Amendment Immunity

Plaintiff brings suit against The People of the State of California, which the Court construes to be against the State of California. Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (Eleventh Amendment bars a damages action against a State in federal court); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Suits for injunctive relief are also generally barred. *See Nat'l Audubon Soc'y v. Davis,* 307 F.3d 835, 847 (9th Cir. 2002); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Plaintiff cannot state a claim against the State of California.

### D. Unlawful Arrest, Search, Seizure

Plaintiff is attempting to assert a claim for unlawful arrest, search, and seizure. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San*

4

*Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment, however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest him." *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)). The Fourth Amendment only prohibits unreasonable searches. *See*, *e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 558 (1979). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application [and] each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Id.* "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.*

Here, Plaintiff's complaint fails to allege facts to support a lack of probable cause for his arrest. Plaintiff reports that he was doing nothing wrong, the officer harassed him and had no reason to arrest him and his charge was ultimately dismissed a year later. Plaintiff, however, does not include any factual allegations concerning the events leading up to his arrest, what triggered the arrest, what was said or done, or any other factual allegations to state a cognizable claim for unlawful arrest. Plaintiff fails to allege facts that that demonstrate there was no probable cause to arrest him. Plaintiff also fails to include any factual allegations as to the search, its scope or even what happened. Probable cause is determined based on the totality of circumstances known to the arresting officers at the time of arrest. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Plaintiff alleges he was racially profiled. Apart from the bare allegation that Plaintiff suspects that law enforcement targeted him due to his race, the complaint is devoid of any indication that Plaintiff was discriminated against due to his race. The complaint's statement about the alleged racial profiling is not tied in any meaningful way to any of the other allegations in the complaint. While the complaint's reference to "racial profiling" may suggest some intentional act,

there is nothing further in the Complaint to support this allegation. Absent any factual basis, the complaint fails to support a claim that Plaintiff was the subject of racial discrimination. "To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that 'the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,' (citing *see Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose." *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008).

### E. **Malicious Prosecution**

A claim for malicious prosecution or abuse of process is not generally cognizable under Section 1983 if a process is available within the state judicial system to provide a remedy. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted). The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." *Id.* (citations omitted). In order to prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (citations omitted); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012). A malicious prosecution claim may be brought against prosecutors or against the individuals who wrongfully caused the prosecution. *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011). Probable cause is an absolute defense to malicious prosecution. *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009).

In order to state a malicious prosecution claim, Plaintiff must show that the prior proceeding was commenced by or at the direction of a defendant and it was: 1) pursued to a legal termination favorable to plaintiff; 2) brought without probable cause; and 3) initiated with malice. *Ayala v. Environmental Health*, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006). For the termination

to be considered "favorable" to the malicious prosecution plaintiff, it must be reflective of the merits of the action and of the plaintiff's innocence of the charges. *Villa v. Cole*, 4 Cal.App.4th 1327, 1335 (1992); *Awabdy*, 368 F.3d at 1068 ("An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence."). In this regard, "a dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant," and "[w]hen such a dismissal is procured as the result of a motion by the prosecutor and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, a malicious prosecution plaintiff is not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt." *Id.*

Plaintiff has failed to describe how any individual Defendant caused the case to be prosecuted against Plaintiff with malice and without probable cause nor presented any specific facts about any prosecution dismissal. A dismissal resulting from negotiation, settlement or agreement is generally not deemed a favorable termination of the proceedings. *Villa*, 4 Cal.App.4th at 1335. "[A]s a matter of law...the favorable termination which is essential to the plaintiff in a malicious prosecution action cannot be based on the dismissal of the criminal charges remaining after the defendant in a criminal proceeding has entered a plea of nolo contendere to one or more of the charges in the accusatory pleading pursuant to a plea bargain. *Cote v. Henderson*, 218 Cal. App. 3d 796, 804 (1990). Plaintiff's complaint does not clearly indicate the facts upon which his case was dismissed.

### F. *Monell* Liability

Under section 1983, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty.*

*of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).

Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by the County of Stanislaus.

### G. State Law Claims

Although unclear, it appears Plaintiff is attempting to pursue state law claims in this action. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court declines to screen Plaintiff's state law claims.

Further, "California's Government Claims Act requires that a tort claim against a [state] public entity or its employees for money or damages be presented to the California Victim Compensation and Government Claims Board ... no more than six months after the cause of action accrues." *Lopez v. Cate*, No. 1:10-cv-01773-AWI, 2015 WL 1293450, at *13 (E.D. Cal. 2015) (citing Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2). "Timely claim presentation is not merely a procedural requirement, but is ... a condition precedent to plaintiff's maintaining an action against defendant and thus an element of the plaintiff's cause of action." *Id.* (internal quotation marks and citations omitted). The "obligation to comply with the Government Claims Act" is independent of the obligation to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). *McPherson v. Alamo*, No. 3:15-cv-03145-EMC, 2016 WL 7157634, at *6 (N.D. Cal. 2016) (citing *Parthemore v. Col*, 221 Cal. App. 4th 1372, 1376 (2013)).

Plaintiff appears to raise claims under California state law. However, Plaintiff does not

allege that he presented a claim to the California Government Claims Program (the successor to the Victim Compensation and Government Claims Board) within six months of the incidents underlying this action. Thus, Plaintiff's state-law claims, to the extent he raises any, are not cognizable. *Pradia v. Becerra*, No. 1:20-CV-01348 JLT(PC), 2021 WL 1839613, at *4 (E.D. Cal. May 7, 2021).

## V.     Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief under section 1983.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

///

///

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **June 28, 2022**    /s/ Barbara A. McAuliffe
                            UNITED STATES MAGISTRATE JUDGE