# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON WILLIAMS, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE PEOPLE OF THE STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 1:22-cv-00509-DAD-BAM <br><br> FINDINGS AND RECOMMENDATIONS THAT THE FEDERAL CLAIMS BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND THE COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIM <br><br> (Doc. 4) <br><br> **FOURTEEN (14) DEADLINE** |

Plaintiff Clifton Williams, Jr. ("Plaintiff"), a county jail inmate proceeding pro se and *in forma pauperis*, initiated this civil rights action on April 29, 2022. The Court screened Plaintiff's complaint and granted Plaintiff leave to amend. (ECF No. 3.) Plaintiff's first amended complaint is currently before the Court for screening. (Doc. 4.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b);

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the Stanislaus County Public Safety Center.  He brings suit against Deputy District Attorney P. Hogan and Jessica Davies, Modesto Police Officer for Due Process and Fourth Amendment violations for claims of false arrest, false imprisonment, harassment, racial profiling, malicious prosecution, arrest without probable cause.  (*See generally* Doc. 4, Compl.)

Plaintiff alleges "there were no events leading up to Officer Davies blocking my car in with her patrol car.  Plaintiff was parked in front of a store getting ready to get out of his vehicle and enter the store.  Plaintiff's driver and passenger side windows were rolled completely down when Officer Davies made contact with Plaintiff at his driver side window."  Officer Davies started "harassing me about my back windows" being tinted which she knows is perfectly legal. She could see in Plaintiff's vehicle and her report stated that Plaintiff was talking to someone at Plaintiff's driver's side window. Tinted window was the only means she had for approaching Plaintiff's vehicle. Plaintiff did not get a ticket or a citation to support Officer Davies' reason for

her probable cause (tinted window).

Officer Davies asked if Plaintiff was on Probation or Parole and Plaintiff said yes. Plaintiff later discovered that the probation was illegal and unauthorized order of probation imposed by the trial court was also issued to law enforcement.  This error made by the trial court "opened the door for [Plaintiff] to also be brought without probable cause which also lead to unlawful and illegal search and seizure."

This had not stopped Defendant Hogan from the district attorney's office from continuing in his malicious prosecution to convince Plaintiff even knowing these facts.  Plaintiff's Due Process rights have been violated. Plaintiff seeks *Monell* liability for a claim against a local government unit for a deliberate policy, custom or practices that was the moving force behind the constitutional violation. The defective invalid and illegal order of probation imposed by the trial court and issued to law enforcement has violated Plaintiff Due Process rights.

Plaintiff seeks compensatory damages and has been in custody since September 24, 2021.

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim.

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is short, but it lacks sufficient factual allegations to state a claim for relief.  Plaintiff's complaint relies on generalized and conclusory allegations and lacks specific factual allegations about what happened, who was involved and what each person did to violate

3

Plaintiff's Constitutional rights.

### B. Prosecutorial Immunity

To the extent Plaintiff is attempting to bring suit against Defendant Hogan, he may not do so. "A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate for the State' and his actions are 'intimately associated with the judicial phase of the criminal process.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir.2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."). Therefore, Defendant Hogan would be entitled to prosecutorial immunity for actions associated with Plaintiff's criminal prosecution. Plaintiff cannot cure this deficiency

### C. Unlawful Arrest, Search, Seizure

Plaintiff is attempting to assert a claim for unlawful arrest, search, and seizure. The Fourth Amendment prohibits unreasonable "seizures" of a person. In *California v. Hodari D.*, the Court reaffirmed that a person has been "seized" within the meaning of the Fourth Amendment if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *California v. Hodari D.,* 499 U.S. 621, 111 S. Ct. 1547, 113 L. Ed. 2d 690 (1991). The Fourth Amendment's safeguards, however, do not foreclose all police-initiated encounters or questioning. Law enforcement officers may approach and contact individuals to ask questions. *See*, *e.g., Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) ("[A] seizure does not occur simply because a police officer approaches an individual and asks a few questions."); *accord Florida v. Royer*, 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) ("[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, [or] by putting questions to him if the person is willing to listen....").

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v.*

*City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment, however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest him." *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)). The Fourth Amendment only prohibits unreasonable searches. *See*, *e.g.*, *Bell v. Wolfish*, 441 U.S. 520, 558 (1979). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application [and] each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Id.* "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.*

Plaintiff claims he was "seized" or arrested when the officer came to talk to him about his tinted windows. But officers do not need probable cause to talk with a citizen. There were no facts that suggest he was seized by the conversation with the officer at his passenger window. The citizen contact doctrine applies whether the individual is on foot or in a vehicle. "It is well established ... that the Fourth Amendment is not implicated when law enforcement officers merely approach an individual in public and ask him if he is willing to answer questions.... This is true whether an officer approaches a person who is on foot or a person who is in a car parked in a public place." *United States v. Washington*, 490 F.3d 765, 770 (9th Cir. 2007*); see also United States v. Cormier*, 220 F.3d 1103, 1109 (9th Cir. 2000) (police may do what any other citizen could do, including knock and talk at residence). Every encounter with law enforcement does not require probable cause or reasonable suspicion. *United States v. Lundin*, 817 F.3d 1158,1158 (9th Cir. 2016) (The knock-and-talk exception permits police "to encroach upon the curtilage of a home, for the purpose of asking questions of the occupants." The exception is based on the theory of implied consent: a resident's consent is implied from the custom of treating the "knocker

on the front door" as an invitation (i.e., license) to approach the home and knock.)

Here, Plaintiff was not "seized" by the officer asking him questions while he was parked on a street with his windows rolled down. Law enforcement officers may approach and contact individuals to ask questions.

Plaintiff claims he was arrested without probable cause. He told the officer he was on probation, but later learned the probation was not proper. However, here, Plaintiff's complaint fails to allege facts to support a lack of probable cause for his arrest. In fact, Plaintiff fails to allege he was arrested. The officer was entitled to rely on Plaintiff's statement that he was subject to probation and was not required to look into the illegality of the probation. It appears that Plaintiff was unaware of the purported illegality of the probation until sometime after his contact with Officer Davies. Plaintiff fails to allege facts that that demonstrate there was no probable cause to arrest him. Plaintiff also fails to include any factual allegations as to the search, its scope or even what happened. Probable cause is determined based on the totality of circumstances known to the arresting officers at the time of arrest. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Plaintiff may be claiming he was racially profiled. Apart from the bare allegation of "racial profiling," the complaint is devoid of any indication that Plaintiff was discriminated against due to his race. The complaint's statement about the alleged racial profiling is not tied in any meaningful way to any of the other allegations in the complaint. While the complaint's reference to "racial profiling" may suggest some intentional act, there is nothing further in the Complaint to support this allegation. Absent any factual basis, the complaint fails to support a claim that Plaintiff was the subject of racial discrimination. "To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that 'the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,' (citing *see Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005)) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose." *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008). Plaintiff has been unable to cure this deficiency.

D. **Malicious Prosecution**

A claim for malicious prosecution or abuse of process is not generally cognizable under Section 1983 if a process is available within the state judicial system to provide a remedy. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted). The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." *Id.* (citations omitted). In order to prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (citations omitted); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012). A malicious prosecution claim may be brought against prosecutors or against the individuals who wrongfully caused the prosecution. *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011). Probable cause is an absolute defense to malicious prosecution. *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009).

In order to state a malicious prosecution claim, Plaintiff must show that the prior proceeding was commenced by or at the direction of a defendant and it was: 1) pursued to a legal termination favorable to plaintiff; 2) brought without probable cause; and 3) initiated with malice. *Ayala v. Environmental Health*, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006). For the termination to be considered "favorable" to the malicious prosecution plaintiff, it must be reflective of the merits of the action and of the plaintiff's innocence of the charges. *Villa v. Cole*, 4 Cal.App.4th 1327, 1335 (1992); *Awabdy*, 368 F.3d at 1068 ("An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence."). In this regard, "a dismissal in the interests of justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that the action lacked merit or would result in a decision in favor of the defendant," and "[w]hen such a dismissal is procured as the result of a motion by the prosecutor and there are allegations that the prior proceedings were instituted as the result of fraudulent conduct, a malicious prosecution plaintiff is

7

not precluded from maintaining his action unless the defendants can establish that the charges were withdrawn on the basis of a compromise among the parties or for a cause that was not inconsistent with his guilt." *Id.*

Plaintiff has failed to describe how any individual Defendant caused the case to be prosecuted against Plaintiff with malice and without probable cause nor presented any specific facts about any prosecution dismissal. A dismissal resulting from negotiation, settlement or agreement is generally not deemed a favorable termination of the proceedings. *Villa*, 4 Cal.App.4th at 1335. "[A]s a matter of law...the favorable termination which is essential to the plaintiff in a malicious prosecution action cannot be based on the dismissal of the criminal charges remaining after the defendant in a criminal proceeding has entered a plea of nolo contendere to one or more of the charges in the accusatory pleading pursuant to a plea bargain. *Cote v. Henderson*, 218 Cal. App. 3d 796, 804 (1990). Plaintiff's complaint does not clearly indicate the facts of his prosecution or facts upon which his case was dismissed. Plaintiff has been unable to cure this deficiency,

### E. *Monell* Liability

Under section 1983, a local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the constitutional violation ... suffered." *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).

Plaintiff does not allege facts to support a claim that any alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by any local government. The County of Stanislaus is not named in the first amended complaint as a defendant in this action.

### F. State Law Claims

Although unclear, it appears Plaintiff is attempting to pursue state law claims in this action. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court declines to screen Plaintiff's state law claims.

Further, "California's Government Claims Act requires that a tort claim against a [state] public entity or its employees for money or damages be presented to the California Victim Compensation and Government Claims Board ... no more than six months after the cause of action accrues." *Lopez v. Cate*, No. 1:10-cv-01773-AWI, 2015 WL 1293450, at *13 (E.D. Cal. 2015) (citing Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2). "Timely claim presentation is not merely a procedural requirement, but is ... a condition precedent to plaintiff's maintaining an action against defendant and thus an element of the plaintiff's cause of action." *Id.* (internal quotation marks and citations omitted). The "obligation to comply with the Government Claims Act" is independent of the obligation to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). *McPherson v. Alamo*, No. 3:15-cv-03145-EMC, 2016 WL 7157634, at *6 (N.D. Cal. 2016) (citing *Parthemore v. Col*, 221 Cal. App. 4th 1372, 1376 (2013)).

Plaintiff appears to raise claims under California state law. However, Plaintiff does not allege that he presented a claim to the California Government Claims Program (the successor to the Victim Compensation and Government Claims Board) within six months of the incidents underlying this action. Thus, Plaintiff's state-law claims, to the extent he raises any, are not cognizable. *Pradia v. Becerra*, No. 1:20-CV-01348 JLT(PC), 2021 WL 1839613, at *4 (E.D. Cal. May 7, 2021).

### IV. **Conclusion and Recommendation**

For the reasons stated, Plaintiff's first amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief.  Despite being provided

with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

IT IS HEREBY RECOMMENDED as follows:

1. The federal claims in this action be dismissed, with prejudice, based on Plaintiff's failure to state a cognizable claim upon which relief may be granted; and
2. The Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 26, 2022**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE